UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YOSEF HEFETZ )
5817 Hilltop Road )
Raleigh, NC 27603 )
CIS File No. A99-278-433 )
 )
     Plaintiff, )
v. )
 )  Civ. No.
EMILIO T. GONZALEZ, Director )
U.S. Citizenship and Immigration Services )
20 Massachusetts Avenue, N.W. )
Washington, DC 20529 )
 )
MICHAEL CHERTOFF, Secretary )
U.S. Department of Homeland Security )
425 Murray Drive, Building 410 )
Washington, DC 20528 )
 )
ROBERT S. MUELLER, Director )
Federal Bureau of Investigation )
J. Edgar Hoover Building )
935 Pennsylvania Avenue, N.W. )
Washington, DC 20535 )
 )
ROBERT M. COWAN, Director )
Director )
U.S. Citizenship and Immigration Services )
National Benefits Center )
705-B Southeast Melody Lane, Ste. 107 )
Lee's Summit, MO 64063 )
 )
RICHARD GOTTLIEB, Sub Office Director )
U.S. Citizenship and Immigration Services )
6120 Tyvola Centre Drive )
Charlotte, NC 28217 )
 )
     Defendants. )
 )

**VERIFIED COMPLAINT FOR MANDAMUS AND**
**DECLARATORY JUDGMENT**

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053 Fax: 202-483-6801

1

The Plaintiff, YOSEF HEFETZ, by counsel, complains of the Defendants, EMILIO T. GONZALEZ, Director, U.S. Citizenship and Immigration Services; MICHAEL CHERTOFF, Secretary, U.S. Department of Homeland Security; ROBERT S. MUELLER, Director, Federal Bureau of Investigation; ROBERT M. COWAN, Director, National Benefits Center, U.S. Citizenship and Immigration Services; and RICHARD GOTTLIEB, Sub Office Director, Charlotte U.S. Citizenship and Immigration Service Office, as follows:

## I. PREFATORY STATEMENT

1. This is a mandamus action to compel the Defendants and those acting under them to take all appropriate action to adjudicate the Plaintiff's Application to Adjust Status to Lawful Permanent Resident (Form I-485).

2. The Plaintiff properly filed his Application to Adjust Status to Lawful Permanent Resident with the Defendant U.S. Citizenship and Immigration Services ("CIS") on March 17, 2005. As directed, the Plaintiff submitted his fingerprints to CIS in connection with his adjustment of status application in May 2005 and attended an interview on the application on February 10, 2006.

## II. JURISDICTION

3. This is a civil action brought pursuant to 28 U.S.C. §1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff"). Jurisdiction is further conferred by 8 U.S.C. §1329 (jurisdiction of the district courts) and 28 U.S.C. §1331 (federal subject matter jurisdiction).

2

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053 Fax: 202-483-6801

4. Jurisdiction is also conferred pursuant to 5 U.S.C. §555(b) and §702 (the Administrative Procedure Act "APA"). The APA requires CIS to carry out its duties within a reasonable time. 5 U.S.C. §555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it." (Emphasis added). CIS is subject to 5 U.S.C. §555(b). *See Liberty Fund, Inc. v. Chao*, 394 F. Supp. 2d 105, 114 (D.D.C. 2005) ("The Administrative Procedure Act requires an agency to act 'within a reasonable time,' 5 U.S.C. § 555(b), and authorizes a reviewing court to 'compel agency action ... unreasonably delayed,' 5 U.S.C. § 706(1)."); *see also Liu v. Novak*, Slip Copy, 2007 WL 2460425 (D.D.C. Aug. 30, 2007).

5. Section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. §1252, does not deprive this Court of jurisdiction. INA §242(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an *order of removal* entered or issued under any provision of this Act[.]" (Emphasis added). As the present action is not an action to review a removal order, but rather an action to compel CIS to adjudicate the Plaintiff's unreasonably delayed application for permanent resident status, this Court retains original mandamus jurisdiction under 28 U.S.C. §1361.

6. Both the regulations and the INA provide numerous examples of duties owed by CIS in the adjustment of status process. 8 U.S.C. §1103 provides that "[t]he Secretary of Homeland Security *shall* be charged with the administration and enforcement of this Act and all other laws relating to the immigration and naturalization of aliens[.]" (Emphasis

3

added). The Code of Federal Regulations provides that "[e]ach applicant for adjustment of status . . . *shall* be interviewed by an immigration officer." 8 C.F.R. §245.6 (emphasis added). The regulations further provide that "the applicant *shall* be notified of the decision of the director and, if the application is denied, the reasons for the denial." 8 C.F.R. §245.2(a)(5)(i) (emphasis added). The language of the statute and the above-cited regulations is mandatory, not discretionary, and the Defendants have a clear duty to adjudicate the application for adjustment of status pending before them. *See Liu v. Novak*, 2007 WL 2460425; *see also Matter of Sealed Case,* 151 F.3d 1059, 1063 (D.C. Cir. 1998); *see First Federal Savings and Loan Association of Durham v. Baker*, 860 F.2d 135, 138 (4th Cir. 1988).

7. Section 242(a)(2)(B) of the INA, 8 U.S.C. §1252(a)(2)(B), as amended by section 106 of the Emergency Supplemental Appropriations Act for Defense, the Global War of Terror, and Tsunami Relief, Pub. L. 109-13 (May 11, 2005) ("REAL ID Act"), eliminated the authority of the federal courts to review decisions by the government to grant or deny discretionary relief. Specifically, INA §242(a)(2)(B)(ii) provides that "no court shall have jurisdiction to review ... (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security ...." 8 U.S.C. §1252(a)(2)(B)(ii).[1] Section 1252(a)(2)(B)(ii) does not strip federal courts of jurisdiction where – as in this case – the government has a nondiscretionary duty to act on the Plaintiff's application for adjustment of status and has

---

[1] "[T]his subchapter" refers to Subchapter II of Chapter 12 of Title 8 of the U.S. Code, which includes INA §245, 8 U.S.C. §1255.

4

unreasonably failed to so act. *See, e.g., Liu v. Novak*, 2007 WL 2460425; *Duan v. Zamberry*, Slip Copy, 2007 WL 626116, at *3 (W.D. Pa. Feb. 23, 2007) ("The weight of authority ... supports a finding that Defendants have a non-discretionary duty to process or adjudicate an adjustment application; that duty supports a mandamus action.") (and cases cited therein). The Government has discretionary authority to either grant or deny the Plaintiff's adjustment of status application. *See, e.g., Liu v. Novak*, 2007 WL 2460425; *Pool v. Gonzales*, Slip Copy, 2007 WL 1613272, at *2 (D. N.J. June 1, 2007) ("[E]ven though the actual decision to grant or deny an application for adjustment of status is discretionary, the USCIS has a non-discretionary duty to act on applications within a reasonable time"). However, the Government's discretion does not include authority to refuse or unreasonably delay adjudication of a properly filed application. *See, e.g., Liu v. Novak*, 2007 WL 2460425; *Jones v. Gonzales*, 2007 U.S. Dist. LEXIS 45012, at *2 (S.D. Fla. June 21, 2007) ("[N]o agency responsible for resolving matters of public interest should be free to let those matters pend in perpetuity; otherwise would be to relieve the agency of its Congressionally-mandated duty to the public."); *Ma & Liu v. Gonzales*, Slip Copy, 2007 WL 1655188 (W.D. Wash. June 5, 2007); *Elkhatib v. Butler*, Slip Copy, 2005 WL 5226742 (S.D. Fla. June 7, 2005).

8. As set forth below, the nearly three year delay in processing the Plaintiff's properly filed application for adjustment of status is unreasonable.

### III. VENUE

9. Venue is proper under 28 U.S.C. §1391(e), because this is an action against officers and agencies of the United States in their official capacities, brought in the district where a

5

substantial part of the events or omissions giving rise to the Plaintiff's claim occurred. The Defendant Emilio T. Gonzalez is sued in his official capacity as Director of CIS, a United States federal agency and resident in the district. The Defendant Michael Chertoff is sued in his official capacity as Secretary of the U.S. Department of Homeland Security ("DHS"), a United States federal agency and resident in the district. The Defendant Robert S. Mueller is sued in his official capacity as Director of the Federal Bureau of Investigation ("FBI"), a United States federal agency and resident in the district. The Defendant Robert C. Cowan is sued in his official capacity as Director of the CIS National Benefits Center. The Defendant Richard Gottlieb is sued in his official capacity as Director of the CIS Charlotte, North Carolina Sub Office. Because national policy concerning adjudication of applications for immigration benefits is formulated by the DHS and implemented by CIS, which are both federal agencies that are resident in the district, and because the delay in CIS's adjudication of Plaintiff's application clearly does not stem from the relatively short period of time the petition has been transferred back to the CIS National Benefits Center, venue is proper in this Court.[2]

### IV.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. No exhaustion requirements apply to the Plaintiff's complaint for a Writ of Mandamus. The Plaintiff is owed a duty—the adjudication of his application to adjust status, which has been duly filed with CIS. CIS has unreasonably delayed and failed to adjudicate this

---

[2] The Plaintiff filed his I-485 Application, which is the subject of this suit, with the Defendant DHS's National Benefits Center on March 17, 2005. Plaintiff's application was then transferred to the Defendant DHS's CIS Charlotte North Carolina Sub Office where the Plaintiff was interviewed on February 10, 2005. Over a year later, the application was then transferred to the DHS's CIS National Benefits Center. The application has now been pending with CIS for almost 3 years, but the application has only been back at the National Benefits Center since September or October 2007.

6

application. The Plaintiff has no other adequate remedy available for the harm he seeks to redress—the failure of CIS to process his application to adjust status in a timely manner.

## V. PARTIES

11. The Plaintiff, Yosef Hefetz, resides in Raleigh, North Carolina. He was born in Beersheva, Israel on March 22, 1972 and is a citizen of Israel, but he has resided in the United States for approximately 9 years, first as a student and now as an adjustment of status applicant. His alien registration number is A99-278-433.

12. The Defendants, EMILIO T. GONZALEZ, Director, CIS; MICHAEL CHERTOFF, Secretary, DHS; ROBERT S. MUELLER, Director, FBI; ROBERT M. COWAN, Director, DHS's CIS National Benefits Center; and RICHARD GOTTLIEB, Director, DHS's CIS Charlotte Sub Office; are charged by law with the statutory and regulatory obligation to perform background security checks and determine eligibility for adjustment of status to lawful permanent resident, pursuant to 8 U.S.C. §1103 and §1255, and 8 C.F.R. §245.2(a)(5)(i) and §245.6. CIS received the Plaintiff's application for adjustment of status on March 17, 2005. As directed, the Plaintiff submitted his fingerprints to CIS in May 2005 and attended an interview on the application on February 10, 2006. Since February 10, 2006, CIS has repeatedly indicated that Plaintiff's application is pending subject to security checks. The FBI indicated on November 7, 2007, in response to Plaintiff's Freedom of Information-Privacy Act (FOIPA) request, that there is no file on the Plaintiff pursuant to their "main file search." CIS is the agency of DHS responsible for adjudicating adjustment of status applications under the INA and

7

has the sole authority to do so, pursuant to 8 C.F.R. §245.2(a)(1) (requiring any alien who believes he meets the eligibility requirements of Section 245 of the Act to apply to the director having jurisdiction over his place of residence).

## VI.     FACTS AND PROCEDURAL HISTORY

13. The Plaintiff first entered the United States as a tourist in 1997 and then again in 1999. He then applied for and received an F-1 Student Visa valid from December 4, 2000 to November 22, 2002 to study at the University of North Carolina, Greensboro. When he switched schools, he applied for and received a new F-1 Student Visa to study at Guilford Technical Community College, valid from June 20, 2003 to June 9, 2008. He received his associate degree in business from Guilford Technical Community College. The Plaintiff married U.S. citizen Lynne Marie Houck on September 2, 2004 in Vail, Colorado, and on March 17, 2005 he applied for adjustment of status to become a U.S. lawful permanent resident based on his marriage.

14. The Plaintiff last entered the United States on January 30, 2008, with travel authorization based on his pending adjustment of status application. The Plaintiff has maintained lawful immigration status in the U.S. and has never engaged in any illicit activities. The Plaintiff owns Jaya Ice Cream in Raleigh, North Carolina. The Plaintiff has always paid his taxes and he has never been arrested, charged, or convicted of any crime. A recent response from an FBI Freedom of Information/Privacy Act ("FOIPA") inquiry revealed that the FBI does not have any records pertaining to the Plaintiff.

15. The Plaintiff filed his application for adjustment of status (Form I-485) with the CIS National Benefits Center on March 17, 2005. The Plaintiff's adjustment of status

8

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC  20036
Phone: 202-483-0053 Fax: 202-483-6801

application is based on an approved immediate relative petition (Form I-130) filed on his behalf by his U.S. citizen spouse, Lynne Marie Hefetz.

16. The Plaintiff also applied for employment authorization and an advance parole document based on his pending adjustment of status application. The Plaintiff completed his biometrics appointment in May 2005 and received initial employment authorization and travel documents from the CIS National Benefits Center. On February 10, 2006 the Plaintiff and his U.S. citizen wife attended an interview on the I-130 petition and I-485 application at the CIS Sub Office in Charlotte, North Carolina. At the February 10, 2006 interview, CIS informed the Plaintiff and his wife that the I-130 petition would be approved, but that background checks would delay approval of the I-485 petition for a few additional weeks.

17. The Plaintiff did not receive a decision on either his I-130 petition or I-485 application after his interview. When his initial employment authorization document (EAD) and advance parole travel authorization were nearing expiration, he applied for new documents. Those applications were received by the CIS National Benefits Center on October 17, 2006 and November 24, 2006, respectively. With respect to his application for a new advance parole document, the Plaintiff requested that the application be expedited because of his urgent need to travel to Israel to visit his ailing grandmother. The Plaintiff provided documentary evidence of his grandmother's condition. The Plaintiff is eligible for a travel document pursuant to Immigration and Nationality Act (INA) §212(d)(5)(A). *See also* 8 C.F.R. §212.5(f).

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC  20036
Phone: 202-483-0053 Fax: 202-483-6801

18. After multiple inquiries by phone to the CIS National Customer Service Center and via the uscis.gov website, the Plaintiff traveled three hours to inquire in person about the status of his case via an INFOPASS appointment on February 27, 2007 at the Charlotte Field Office. At the INFOPASS appointment he inquired about the status of all three of his pending applications, which had all been pending well beyond CIS's standard processing times. In response to his inquiries, the Plaintiff was informed that "until the background check is completed, we cannot move forward on your case."

19. Additionally, the Plaintiff submitted a written inquiry to the National Benefits Center on March 1, 2007 to inquire about his delayed applications. In support of that letter, he submitted additional evidence that his grandmother in Israel is near death and that he dearly wished to see her before he forever loses that opportunity. In response, he received a letter from the National Benefits Center dated April 18, 2007 stating again that "until the background check is completed, we cannot move forward on your case." In addition to phone inquiries via U.S. Representative Bob Etheridge and U.S. Senator Arlen Specter, the Plaintiff's U.S. citizen wife contacted her U.S. Senator, Mr. Richard Burr, of North Carolina, who submitted an inquiry on her and her husband's behalf regarding the pending applications. In response to that inquiry, the Plaintiff was told that "a long length of time waiting does not justify an 'expedite'" of his application.

20. The regulations require that the Plaintiff be issued an EAD within 90 days of filing. *See* CFR §274a.12(c)(9); 274a.13(d). The processing time for EAD applications at the National Benefits Center is currently 11 weeks. After a letter to CIS in September 2007, indicating that the Plaintiff would be filing a Petition for Writ of Mandamus, the CIS

10

National Benefits Center adjudicated and issued Plaintiff's EAD and travel document. Unfortunately, however, this occurred after Plaintiff's grandmother had already passed away.

21. In October 2007, the CIS Charlotte Sub Office approved the I-130 petition that was filed on Plaintiff's behalf on March 31, 2005 by his U.S. citizen wife and transferred the Plaintiff's I-485 application to the CIS National Benefits Center, where it remains pending. CIS's published processing time frames indicate that the Charlotte Sub Office is currently adjudicating I-485 applications in approximately six months. The adjudication of Plaintiff's adjustment application clearly extends far beyond CIS's normal processing timeframe. CIS Charlotte Sub Office Processing Dates posted November 14, 2007, *available at* https://egov.uscis.gov/cris/jsps/officeProcesstimes.jsp?selectedOffice=14 (last visited Jan. 22, 2008).

22. The Plaintiff is eager to obtain lawful permanent resident status and the lengthy delay by the Defendants in adjudicating his application is of great concern to him. The Defendants' failure to adjudicate his application within a reasonable period of time is depriving the Plaintiff not only of the ability to enhance his contributions to the U.S. economy through his business endeavors, but the delay is also causing him severe mental anguish due to the uncertainty of his situation and his recent inability to spend time with his grandmother before she passed away. In addition, the Plaintiff's U.S. citizen wife has suffered a great deal due to her husband's uncertain immigration status.

11

23. The Defendant CIS has unreasonably failed to issue a final decision on the Plaintiff's application for adjustment of status. As over two years and nine months have elapsed since the Plaintiff properly filed his adjustment of status application on March 17, 2005, the Plaintiff requests that this Court compel CIS to adjudicate his application without further delay.

24. Numerous federal district courts have ruled that adjudication of a properly filed adjustment of status application, including completion of all necessary background checks, is a purely ministerial, non-discretionary act which the Government is under an obligation to perform in a timely manner. *See, e.g., Liu v. Novak*, 2007 WL 2460425, at *4 ("[T]here is ... significant district court authority holding that §1252(a)(2)(B)(ii) does *not* bar judicial review of the pace of application processing or the failure to take an action");[3] *Duan*, 2007 WL 626116, at *3 (CIS has "a non-discretionary duty to process or adjudicate an adjustment application" and "that duty supports a mandamus action"); *see also Chen v. Chertoff*, Slip Copy, 2007 U.S. Dist. LEXIS 68536, at *12 (N.D. Cal. Sept. 6, 2007) ("And while the discretion allotted by statute includes whether or not to grant an adjustment of status, it does not extend to processing the applications at any indefinite length of time or withholding action upon an application altogether"); *Liu v. Chertoff*, Slip Copy, 2007 WL 2435157 (D. Or. Aug. 29, 2007); *Tang v. Chertoff*, Slip Copy, 2007 U.S. Dist. LEXIS 64022 (E.D. Ky. Aug. 29, 2007); *Xu v. Chertoff*, Slip Copy, 2007 WL 2033834, (D. N.J. Jul. 11, 2007); *Toor v. Still*, 2007 WL 2028407 (N.D. Cal. Jul. 10, 2007); *Jones v. Gonzales*, 2007 U.S. Dist. LEXIS 45012 (S.D. Fla. June 21, 2007); *Quan*

---

[3] *See supra* note 1.

12

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053 Fax: 202-483-6801

*v. Chertoff*, Slip Copy, 2007 WL 1655601, N.D. Cal., June 7, 2007); *Ma & Liu*, 2007 WL 1655188, at *4; *Pool*, 2007 WL 1613272; *Ibrahim v. Chertoff*, Slip Copy, 2007 WL 1558521 (S.D. Cal. May 25, 2007); *Chen v. Heinauer*, Slip Copy, 2007 WL 1468789 (W.D. Wash. May 18, 2007); *Koren v. Chertoff*, Slip Copy, 2007 WL 1431948 (D. Conn. May 14, 2007); *Dmitriev v. Chertoff*, Slip Copy, 2007 WL 1319533 (N.D. Cal. May 4, 2007); *Huang v. Gonzales*, Slip Copy, 2007 WL 1302555 (W.D. Wash. May 2, 2007); *Wu v. Chertoff*, Slip Copy, 2007 WL 1223858 (N.D. Cal. Apr. 25, 2007); *Song v. Klapakas*, Slip Opinion, 2007 WL 1101283 (E.D. Pa. Apr. 12, 2007); *Mahd v. Chertoff*, Slip Copy, 2007 WL 891867 (D. Colo. Mar. 22, 2007); *Singh v. Still*, 470 F. Supp. 2d 1064 (N.D. Cal. 2006); *Aboushaban v. Mueller*, Slip Copy, 2006 WL 3041086 (N.D. Cal. Oct. 24, 2006); *Zahani v. Neufeld*, Slip Copy, 2006 WL 2246211 (M.D. Fla. June 26, 2006); *Elkhatib*, 2005 WL 5226742.

## VII.  **CAUSE OF ACTION**

25. The Plaintiff is entitled to adjust his status pursuant to 8 U.S.C. §1151(a)(2).

26. The Defendants have sufficient information to determine the Plaintiff's eligibility for adjustment of status pursuant to applicable requirements. Notwithstanding, the Defendant CIS has unreasonably delayed and refused to adjudicate the Plaintiff's application to adjust status for nearly three years, thereby depriving the Plaintiff of his right to a decision on his immigration status and the peace of mind to which he and his family are entitled.

27. The Plaintiff has been further prejudiced by CIS's undue delay in adjudicating his adjustment of status application, because he has been forced to repeatedly apply (and

13

pay) for extensions of his employment authorization, approval of which has been unreasonably delayed in the past, causing the Plaintiff extreme emotional anguish and financial hardship. *See* 8 C.F.R. §274a.12(c)(9).

28. The Plaintiff owns a business in the United States and his uncertain immigration status has restricted growth opportunities for those businesses, which has not only harmed him and his family, but the greater community.

29. The Plaintiff's ability to travel out of the country has also been restricted, as he is required to apply for and obtain travel authorization from CIS before traveling abroad while his immigration status remains pending. The recent excessive delay in the adjudication of his travel documentation caused the Plaintiff mental anguish and cost him the opportunity to pay his respects to his grandmother before her recent death.

30. The Defendants' inaction in the Plaintiff's case has caused inordinate and unfair amounts of stress, expense, and hassle for the Plaintiff, who is entitled to a decision on his application to adjust status without further unreasonable delay.

## VIII. CLAIMS

31. The Defendant CIS has willfully and unreasonably failed to adjudicate the Plaintiff's application for adjustment of status for almost three years, thereby depriving the Plaintiff of his rights under 8 U.S.C. §1151(a)(2). Pursuant to 5 U.S.C. §555(b) and §702 (APA), "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency shall proceed to conclude a matter presented to it." (Emphasis added).

14

32. The Defendant CIS owes the Plaintiff a duty to adjudicate his adjustment of status application, and has unreasonably failed to perform that duty. *See Matter of Sealed Case*, 151 F.3d at 1063 (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act and that no other adequate means to attain the relief exist); *Liberty Fund, Inc.*, 394 F. Supp. 2d at 114 (same); *see also Donovan v. United States*, 580 F.2d 1203, 1208 (3d Cir. 1978) (same).

33. This Court should grant the Plaintiff's writ of mandamus because the Plaintiff has no alternative means to obtain adjudication of his application for adjustment of status and his right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon Inc.*, 449 U.S. 33, 35 (1980).

34. The Plaintiff is entitled to action on his long-pending adjustment of status application because an unreasonable amount of time has passed since his application was filed on March 17, 2005. CIS has, to date, failed to make a determination on that application.

WHEREFORE, the Plaintiff prays that the Court:

1. Compel the Defendants and those acting under them to take all appropriate action to perform their duty to adjudicate the Plaintiff's adjustment of status application without further delay;

2. Grant such other and further relief as this Court deems proper under the circumstances; and

3. Grant attorney's fees and costs of Court to the Plaintiff under the Equal Access to Justice Act.

15

Respectfully submitted this 3rd day of April 2008,

YOSEF HEFETZ

*By counsel,*

_____
Thomas K. Ragland
DC Bar Number: 501021
MAGGIO & KATTAR
11 Dupont Circle, NW, Suite 775
Washington, DC 20036
Phone: (202) 483-0053
Fax: (202) 483-6801

*Counsel for Plaintiff*

16

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053 Fax: 202-483-6801

Verification

I, Yosef Hefetz, under penalty of perjury, state the following:

I affirm the truth of the factual contents of the foregoing Verified Complaint for Mandamus and Declaratory Judgement, upon information and belief.

Dated: 2/20/08

Place: Wachovia bank Raleigh N.C

_Yosef Hefetz_

STATE OF NORTH CAROLINA
COUNTY OF Wake

I, Jeffery Thoopsn, Notary Public of said County and State, do hereby certify that Yosef Hefetz personally appeared before me this day and acknowledged the due execution of the foregoing instrument.
Witness my hand and official seal, this 20th day of Feb 2008.

Notary Public
My Commission Expires 1/6/2013

[Notary Seal: JEFFERY THOMPSON NOTARY PUBLIC WAKE COUNTY, N.C. My Comm. Exp. January 6, 2013]

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Yosef HEFETZ

88888

## DEFENDANTS
Emilio T. GONZALEZ, Michael CHERTOFF, Robert S. MUELLER, Robert M. COWAN, Richard GOTTLIEB

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW, Suite 775
Washington, DC 20036
(202) 483-0053

Case: 1:08-cv-00610
Assigned To : Collyer, Rosemary M.
Assign. Date : 4/9/2008
Description: General Civil

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊙ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ⊙ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

(●) 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. §1361; 28 U.S.C. §1331; 5 U.S.C. §555(b) and §702. Complaint to compel Defendants to adjudicate Plaintiff's adjustment of status application.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:  YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE  4/8/08   SIGNATURE OF ATTORNEY OF RECORD  _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.